**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0724-22

VARUN MALHOTRA,

    Plaintiff-Respondent,

v.

FAROOQ IQBAL and SIDRA
FAROOQ,[1]

    Defendants-Appellants.

_____

        Submitted November 28, 2023 – Decided May 3, 2024

        Before Judges Smith and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. DC-009365-21 and DC-003188-22.

---

[1] Co-defendants Farooq Iqbal and Sidra Farooq have filed this appeal. The orders they are appealing arise from a consolidated Special Civil Part action, Middlesex DC-9365-21, and Middlesex DC-3188-22. While Farooq Iqbal is a defendant in the consolidated matter, Sidra Farooq is not a party to either DC-9365-21 or DC-3188-22. Because she is not a party to either of the Special Civil Party orders on appeal and makes no separate claim of standing as a non-party, she is improperly named as an appellant. See Rule 2:3-3(a).

Law Office of Michael Pocchio Jr., attorney for appellants (Michael Pocchio Jr., on the brief).

Terry J. Finkelstein, attorney for respondent.

PER CURIAM

Defendants Farooq Iqbal and Sidra Farooq appeal orders of the Special Civil Part entering a money judgment in favor of plaintiff Varun Malhotra and against co-defendant Farooq Iqbal in the amount of $27,457, and dismissing co-defendant Iqbal's counterclaim.[2] On appeal, defendants contend the trial court erred by exceeding the jurisdictional limits of the Special Civil Part and by improperly dismissing defendant's counterclaim. We affirm for the reasons which follow.

We cite the relevant facts found by the trial court after the Special Civil Part trial on September 21, 2022. Plaintiff and defendants entered into a

---

[2] One order is dated September 21, 2022 and enters judgment for money damages against Farooq Iqbal only. The second order is dated September 22, 2022, and dismisses Farooq Iqbal's counterclaim against plaintiff. Sidra Farooq is not listed in the caption as a co-defendant on either the September 21 or September 22 order. She has no judgment entered against her in the consolidated matter. Our review of the record reveals that she did not testify at the Special Civil Part trial which took place on September 21, 2022. The record further shows a consolidation order dated May 31, 2022 granting consolidation of the two Special Civil Part dockets referenced above, but also denying joinder of Middlesex LT-2917-21 pursuant to R. 6:3-4(a). The Special Civil Part consolidation order lists Farooq Iqbal as the sole defendant, and he remained so at the time of trial.

A-0724-22

residential lease commencing December 2016 with a payment of $1,800 per month. They failed to pay rent for the following months: March through June of 2020; June through December of 2021; and January through April of 2022. Plaintiff filed two complaints against co-defendant Farooq Iqbal only, seeking unpaid rent in the Special Civil Part. Iqbal answered and counterclaimed for costs for what he contended were "substantial repairs" he made to plaintiff's property during the tenancy. [3]

At the Special Civil Part trial, the court heard testimony from both parties, found defendant Iqbal not credible and rejected the counterclaim in its entirety, noting that he offered no proofs to support his claim that he paid over $11,000 for property repairs during the tenancy. The court entered judgment for plaintiff and dismissed defendant's set-off claim against rent owed. Defendant appealed.

"The scope of appellate review of a trial court's fact-finding function is limited." In re D.L.B., 468 N.J. Super. 397, 416 (App. Div. 2021) (quoting

---

[3] The record includes an order dated May 31, 2022 which granted consolidation of Middlesex DC-9365-21, and Middlesex DC-3188-22, but denied joinder of Middlesex LT-2917-21 pursuant to R. 6:3-4(a). The May 31 order listed Farooq Iqbal as the sole defendant, as he was in the two separate dockets. Farooq Iqbal remained the sole defendant in the consolidated action at the time of the September 21 trial. As the two Special Civil Part orders being appealed are from actions in which Farooq Iqbal is the sole defendant, all references to defendant are solely to Iqbal from this point in the opinion.

Cesare v. Cesare, 154 N.J. 394, 411 (1998)).  Ordinarily, the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence."  Ibid. (quoting Cesare, 154 N.J. at 411-12).  Such deference "is especially appropriate when the evidence is largely testimonial and involves questions of credibility."  Ibid. (quoting Cesare, 154 N.J. at 412).  The "court's interpretation of the law and the legal consequences that flow from established facts," however, "are not entitled to any special deference" and are subject to de novo review on appeal.  Accounteks.Net, Inc. v. CKR L., LLP, 475 N.J. Super. 493, 503 (App. Div. 2023) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

During the height of the COVID-19 pandemic, our Legislature enacted statutes designed to address the unique challenges facing landlords and tenants at that time.  N.J.S.A. 52:27D-287.9(a) limited a landlord's ability to evict tenants for non-payment of rent between March 1, 2020 and August 31, 2021. N.J.S.A. 52:27D-287.9(d) states in pertinent part:

> Any amount of rent due and owing either prior to the start of the covered period or after the covered period ends may be pursued in the manner allowed by law for any other landlord-tenant action for rent due outside of the covered period.  The provisions of [N.J.S.A. 52:27D-287.7, -287.11] shall not restrict a landlord from pursuing a money judgment action during the covered period, or following the covered period, for

4

> unpaid rent due during the covered period. <u>An action by a landlord against a residential tenant to recover unpaid rent which accrued during the covered period may be commenced in the Superior Court, Special Civil Part, regardless of the amount in controversy.</u>
>
> [(Emphasis added).]

Defendant first argues the trial court committed error by exceeding the Special Civil Part jurisdictional amount of $20,000. <u>See</u> <u>R.</u> 6:1-2(a)(1). This argument is without merit. The Legislature lifted the jurisdictional limit for the relevant period through its enactment of N.J.S.A. 52:27D-287.9(d). There is no error here.

Defendant next argues the trial court should have credited him the cost of repairs he made during the tenancy, thereby off setting his unpaid rent. After considering the parties' testimony, however, the trial court found defendant was not credible. The court also noted defendant failed to offer any documentary evidence to support his claims that he spent over $11,000 to renovate plaintiff's property. The court's findings were well supported in the record, and we discern no reason not to defer to them.

To the extent we have not addressed any of defendant's remaining arguments, it is because they lack sufficient merit to discuss in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

A-0724-22

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0724-22